WEIMER, J., would grant.
Crichton, J., would grant and assigns reasons:
I would grant this writ application to examine the excessive damages awards to plaintiffs in this matter. According to the information presented to this Court, Plaintiffs' health complaints were so benign that they required no medical treatment other than, in some instances, over-the-counter *492 medications. Furthermore, not one plaintiff sought medical treatment on his own for symptoms related to his exposure.[1] Consequently, in my view, it does not appear the Plaintiffs have established, through medical testimony and evidence, they have suffered injury warranting what are seemingly high monetary damages in this case. I would find the trial court abused its discretion in awarding the amounts rendered.

"In a personal injury suit, plaintiff bears the burden of proving a causal relationship between the injury sustained and the accident which caused the injury. Plaintiff must prove causation by a preponderance of the evidence. The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident." Maranto v. Goodyear Tire & Rubber Co. , 94-2603, p. 3 (La. 2/20/95), 650 So.2d 757, 759 (internal citations omitted).